# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No.:** 0:19cv62554

CARLY BITTLINGMEYER,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

ADAM GINSBERG
INTERNATIONAL INC., and ADAM
GINSBERG.

      Defendants.
_____/

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff CARLY BITTLINGMEYER ("Plaintiff") brings this class action against Defendants ADAM GINSBERG INTERNATIONAL INC. and ADAM GINSBERG (collectively, the "Defendants") and alleges upon personal knowledge, experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.  This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), arising from Defendants' violations of the TCPA.

2.  Through this action, Plaintiff seeks injunctive relief to halt Defendants' illegal conduct. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of the Defendants.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal

statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than the Defendants. Plaintiff seeks up to $1,500.00 in damages for each phone placed by the Defendants in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act.

4. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendants provide and market their services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.  Further, Defendants' tortious conduct against Plaintiff occurred within this district and, on information and belief, Defendants have made and/or placed unlawful phone calls, such as those complained of by Plaintiff, to other individuals within this judicial district, such that some of Defendants' acts have occurred within this district, subjecting the Defendants to jurisdiction here.

## PARTIES

5. Plaintiff is a natural person and is a resident of Broward County, Florida.

6. Defendant Adam Ginsberg International, Inc., is a California corporation, with a principal address of 11693 San Vincente Blvd. #518 Los Angeles, CA 90049.

7. Defendant Adam Ginsberg is a natural person and, on information and belief, is a resident of California.

8. Defendants direct, market, and conduct substantial business activities in Florida.

## THE TCPA

9. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent.  47 U.S.C. §

PAGE | 2 of 11

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

227(b)(1)(A).

10. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

11. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

12. In an action under the TCPA, a plaintiff must show only that the Defendants "called a number assigned to a cellular telephone service **using an automatic dialing system or prerecorded voice.**" Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014) (Emphasis added).

13. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14. A defendant must demonstrate that it (the defendant) obtained the plaintiff's prior express consent. *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls"). Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See*

PAGE | **3** of **11**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## FACTS

15. Plaintiff is the sole subscriber of the cellular telephone number ending in 9080 ("Plaintiff's Cellphone").

16. On a date better known by the Defendants, Defendants began calling Plaintiff's Cellphone to solicit its (Defendant's) services to Plaintiff, namely, a series of seminars promoting the Defendants' "Internet Mastery" Amazon training program as well the promise of a trip to Cancun for all attendees, without Plaintiff's prior express consent, written or otherwise.

17. Each and every call made or placed by the Defendants, or on Defendants' behalf, to Plaintiff was to solicit its (Defendant's) services to Plaintiff.

18. On one or more occasions, when Plaintiff answered a call from the Defendants, Plaintiff would hear either an extended pause before a pre-recorded message would play.

19. On one or more occasions, when Plaintiff did not answer a call from the Defendants, the Defendants would leave a pre-recorded voicemail message for Plaintiff advertising Defendants'' products and services.

20. Specifically, one such pre-recorded message contained the voice of Defendant Ginsberg droning on tediously for more than two minutes.

21. The stressful nature of an alert notifying the Plaintiff that she had just received a voicemail message over two minutes in length from an unknown number resulted in an audible sound and necessitated that the Plaintiff interrupt her day to investigate the nature and source of the bizarre and lengthy message. Defendant's unsolicited calls caused Plaintiff actual harm.

22. Defendants utilized a combination of hardware and software systems place calls to

PAGE | **4** of **11**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff's Cellphone. These systems utilized by Defendants have the current capacity or present ability to store telephone numbers and dial stored numbers automatically, to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

23. The combination of hardware and software systems used by Defendants place calls to Plaintiff's Cellphone meet the statutory definition of an automated telephone dialing system ("ATDS") under the TCPA.

24. At no point in time did the Plaintiff provide Defendants with Plaintiff's express consent to be called, written or otherwise.

25. Plaintiff's Cellphone has been on the National Do Not Call Registry since April 29, 2019.

26. Defendants called Plaintiff's Cellphone more than once after Plaintiff's Cellphone had been registered on the National Do Not Call Registry for longer than thirty-one (31) days.

27. As a result of Defendants calling Plaintiff's Cellphone, Plaintiff has suffered actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion.

28. Plaintiff was also affected by Defendants' phone calls way by stress, nervousness, resulting in loss of sleep and anxiety.

29. All calls Defendants placed and/or made to Plaintiff's Cellphone were received by Plaintiff within this district.

30. None of Defendants' calls to Plaintiff's Cellphone were for emergency purposes.

## CLASS ALLEGATIONS

31. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *PROPOSED CLASS*

32. Plaintiff brings this case on behalf of the following classes (collectively, the "Class"):

**No Consent Class**: **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was called **[5]** by Defendants or anyone on Defendants' behalf **[6]** using the same type of equipment used to call Plaintiff.

**Do Not Call Registry Class:** **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was called **[5]** within any 12-month period **[6]** from Defendant, or another person or entity acting on Defendants' behalf, **[7]** whereby said cellular telephone number was placed on the national do-not-call registry more than thirty-one (31) days prior to the class member being called.

33. Defendants and their employees or agents are excluded from the Class.

34. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

## *NUMEROSITY*

35. Upon information and belief, Defendants have placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

## *COMMON QUESTIONS OF LAW AND FACT*

37. There are numerous questions of law and fact common to the Class which predominate

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendants made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS or pre-recorded message; [2] Whether Defendants can meet their burden of showing that they obtained prior express written consent to make such calls; [3] Whether Defendants conduct was knowing and willful; [4] Whether Defendants are liable for damages, and the amount of such damages; and [5] Whether Defendants should be enjoined from such conduct in the future.

38. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant, by and through an ATDS and/or pre-recorded voice, routinely calls telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### *TYPICALITY*

39. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### *PROTECTING THE INTERESTS OF THE CLASS MEMBERS*

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### *SUPERIORITY*

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class

PAGE | 7 of 11

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

resulting from the Defendants wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for the Defendants. For example, one court might enjoin the Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### *COUNT I*
### **VIOLATIONS OF 47 U.S.C. § 227(b)**
*On Behalf of Plaintiff and the No Consent Class*

43. Plaintiff re-alleges and incorporates paragraphs 1-42 as if fully set forth herein.

44. Defendants – or third parties directed by Defendants – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. These calls were sent without regard to whether the Defendants had first obtained express permission from the called party to place such calls. In fact, the Defendants did not have prior express consent to call the cell phones of Plaintiff or the other members of the putative Class when such calls were place and/or made.

45. Defendants violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

46. As a result of Defendants' conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also entitled to an injunction against future calls. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of No Consent Class.

47. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendants that provides the following relief: **[1]** Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; **[2]** A permanent injunction prohibiting Defendants from violating the TCPA in the future through calling cell phones using an automatic telephone dialing system and/or pre-recorded voice; **[3]** A declaration that Defendants used an automatic telephone dialing system and violated the TCPA in using such to call or text the cell phones of Plaintiff and the No Consent Class; and **[4]** Any other relief the Court finds just and proper.

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(c)
*On Behalf of Plaintiff and the Do Not Call Registry Class*

48. Plaintiff re-alleges and incorporates paragraphs 1-42, and as if fully set forth herein.

49. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

PAGE | **9** of 11

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

51. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

52. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

53. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

54. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class members received more than one call in a 12-month period from Defendant, or on Defendants' behalf, in violation of 47 C.F.R. § 64.1200.

55. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

56. **WHEREFORE**, Plaintiff requests the Court to enter judgment in favor of Plaintiff and the Do Not Call Registry Class, and against Defendants that provides the following relief: [1] Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful; [2] A permanent injunction prohibiting Defendants from violating the TCPA in the future through calling cellular telephone numbers that have been registered for more than 31-days on the Do Not Call Registry; [3] Any other relief the Court finds just and proper.

## JURY DEMAND

57. Plaintiff, respectfully, demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

58. Plaintiff demands that Defendants takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendants.

DATED: October 14, 2019

Respectfully Submitted,

 /s/ Jibrael S. Hindi                          .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*